Parker C. J.
There can be no doubt that the plaintiff is entitled to his action for the breach of the covenant against incumbrances, for the incumbrance existed before the execution of his deed from the defendant, and so the right of action did not pass to the plaintiff’s assignee.[1] But for this breach he could recover only nominal damages, it not being averred or proved that he had paid any thing towards relieving the land from the incumbrance.
With regard to the breach assigned, of the covenant of war *567 ranty, it is averred and proved that Mrs. Clarke, the mortgagee )f John Harris, had obtained the conditional judgment on her mortgage, and, the debt not having been paid, that a writ of habere facias had issued, by virtue of which she had been duly put into possession by the officer. This is certainly an eviction, and therefore proves the breach of the covenant of warranty ; but it does not necessarily follow, that the damages should be assessed to the value of the land, because the right of redemption is open, and the plaintiff may discharge this incumbrance and restore himself to possession, by paying the debt and the interest and the costs of suit. Indeed, there seems to be no reason why, on such an eviction, which at the election of the plaintiff may be defeated, any more damages should be recovered than will indemnify the plaintiff; for if the whole value of the land should be assessed in damages, the plaintiff might pay the debt secured by the mortgage, and thus hold an indefeasible title ; which is all he has a right to exact from the defendant.
It appears reasonable, therefore, that for this breach of the covenant of warranty, the proper rule of damages should be, to give the amount due upon the mortgage, with the costs of the suit upon the mortgage against the plaintiff, and thus he will be enabled to redeem the land from the funds of the defendant. If he should not redeem, but suffer the equity to be fore closed, then, if there shall be any loss, he will have no right to complain.
Thus the case ought to stand, if there had been no conveyance or assignment by the plaintiff of his interest in the land. But he has made three several mortgages ; one of which, to Wyman, is discharged, but the others, to Mrs. Ingraham and to Lapham, are outstanding. As these conveyances were made before the defendant’s covenant of warranty was broken, that covenant passed with the land to the extent of the sum secured by the mortgage, and if the plaintiff now should recover the whole sum due on Mrs. Clarke’s mortgage, Mrs. Ingraham and Lapham may have their actions on the covenant against the defendant, so that he may have to pay twice for the same breach. According to the doctrine in Wyman v. Ballard, 12 Mass. R. 304, the mortgager of an estate under a previous *568 incumbrance, may recover the value of the incumbrance, he has been made to pay to his grantee on his covenants. Here oeing an actual eviction, if he pays off the incumbrance before judgment, why may he not recover a full indemnity, instead of being put to another action ?
.Note. It was stated by the plaintiff’s counsel at the argument, that the mortgages to Lapham and Mrs. Ingraham had been paid off; and judgment was rendered for 388G dollars 55 cents, being the amount due on the mortgage of John Harris to Esther Clarke.

 See Chapman v. Holmes, 5 Halsted, 20; Mitchell v. Warner, 5 Connect R. 497, Dams v. Lyman, 6 Connect. R. 249; Stewart v. Drake, 4 Halsted. 139; Bean v. Mayo, 5 Greenleaf, 94; Potter v. Taylor, 6 Vermont R. 676; Richardson v Dorr, 5 Vermont R. 9; Funk v. Voneida, 11 Serg. & Rawle 109.